Danly Machine Specialties, Inc. v. Commissioner.
Danly Mach. Specialties v. Commissioner
Docket No. 4538.
United States Tax Court
1945 Tax Ct. Memo LEXIS 47; 4 T.C.M. (CCH) 979; T.C.M. (RIA) 45326; October 31, 1945
Harry Thom, Esq., and Frederick R. Shearer, Esq., for the petitioner. Charles Munz, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $9,383.97 in income tax and a deficiency of $11,910.99 in excess profits tax of the petitioner for the fiscal year ended June 30, 1941. He made several adjustments in the income as shown on the return, but the only issue for decision is whether he erred in disallowing a part of the deduction claimed for salaries of four officers. Findings of Fact The petitioner is a corporation. Its income and excess profits tax returns for the period here involved were filed with the collector of internal revenue for the first district of Illinois. The officers' salaries here in controversy *48 are shown in the following table: Salary
Allowed by
Name
Office
Paid
respondent
Philo H. Danly
President
$40,999.89
$24,599.99
George I. Danly
Vice President
20,500.00
12,000.00
Robert E. Danly
Vice President
13,500.00
8,400.00
Walter J. Barz
Treasurer and Asst. Secretary
20,500.00
11,400.00
A reasonable allowance for salary or other compensation, for personal services actually rendered, for each of the four officers, which amounts were paid and incurred by the petitioner during the taxable year in carrying on its trade or business, was as follows: Philo H. Danly
$40,999.89
George I. Danly
20,500.00
Robert E. Danly
13,500.00
Walter J. Barz
20,500.00
The stipulation of facts filed by the parties is made a part hereof by this reference. Opinion MURDOCK, Judge: The salaries here in question were duly authorized, incurred, and paid by the petitioner. The Commissioner has determined and still contends that each salary was excessive in amount for the services actually rendered by the officer during the taxable year. The only question presented for decision is what amount represents reasonable compensation *49 within the meaning of section 23 (a). The salaries paid in this year were considerably larger than those paid in 1940, and those paid in 1940 showed a substantial increase over those paid in prior years. The respondent's principal contention seems to be that there was no justification for the 1941 increase. The business of the petitioner runs somewhat in cycles, and during poor years the officers accepted less salary than their services might otherwise have entitled them to receive. The business of the petitioner began to expand rapidly in 1940 and its earnings increased tremendously. The four officers, whose salaries are here in question, were all capable, experienced men, well qualified to perform their duties as officers of this corporation. They devoted full time to the affairs of the corporation. They worked long hours, long weeks, and without vacations during 1941. They had developed valuable processes and products for which there was great demand, particularly after the start of the war. They supervised the rapid expansion of the petitioner's plant and personnel. They found new uses for its products and new customers. They were able by their abilities and industry to render *50 satisfactory services to those customers. The salaries paid were not in proportion to stockholdings, neither were they dividends in disguise, despite the fact that each officer held a substantial amount of the stock and about 80 per cent thereof was owned by the Danley family. The three Danleys were brothers. Barz was not related to them. The salaries were determined by the Board of Directors solely upon the basis of the value of the services actually rendered by each officer. Large earnings were left to the corporation after the payment of the salaries. The overwhelming weight of the testimony and other evidence in this record supports the petitioner's contention and our finding that reasonable compensation was the amount actually paid. Decision will be entered under Rule 50.